# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SALATHAL C. PARKER, | ) |
| Petitioner, | ) |
| v. | ) No. 4:16CV292 DDN |
| TROY STEELE, | ) |
| Respondent, | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the petition of Salathal Parker for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, the Court will direct him to submit an amended petition.

Petitioner was convicted in a bench trial of first-degree robbery and armed criminal action. *Missouri v. Parker*, No. 11PU-CR01236-01 (Phelps County). The court sentenced him to twenty years' imprisonment. The Missouri Court of Appeals for the Southern District affirmed the conviction and sentence. *Missouri v. Parker*, No. 32422 (Mo. Ct. App. 2013).

On November 12, 2013, petitioner filed a timely motion for postconviction relief under Rule 29.15 of the Missouri Rules of Criminal Procedure. *Parker v. Missouri*, No. 13PU-CV01839 (Phelps County). On April 25, 2014, the court entered an order stating that petitioner is not entitled to relief and ordering the State to file proposed findings of fact and conclusions of law. The State did not respond, and on three subsequent occasions petitioner requested that the court rule the motion so that he could pursue further remedies. On March 9, 2015, the court entered a memorandum stating that it had received the proposed judgment from the State. No further entries have been made on the docket. The motion remains pending.

In the instant petition, petitioner argues that the postconviction court has improperly delayed ruling his motion, and he claims that postconviction counsel has been ineffective.

Under 28 U.S.C. § 2254(b)(1),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

> **(A)** the applicant has exhausted the remedies available in the courts of the State; or
>
> **(B)(i)** there is an absence of available State corrective process; or
>
> **(ii)** circumstances exist that render such process ineffective to protect the rights of the applicant.

In this case, there is no question that Missouri has an available corrective process. Therefore, the Court may not grant relief unless the delay in ruling petitioner's motion has rendered the postconviction process ineffective.

The unjustified delay by a state court in adjudicating a direct criminal appeal or post-conviction review petition may give rise to both a due process violation and relief from the exhaustion requirement. In deciding whether delay excuses exhaustion, courts consider the history of the petitioner's attempts to obtain state remedies, including the length of the delay, whether there has been any activity or progress in the state court action, whether the delay is attributable to the state or to the petitioner, and prejudice to the petitioner. *See*, *e.g.*, *Lee v. Stickman*, 357 F.3d 338, 343–44 (3d Cir. 2004) (nearly eight-year delay); *Harris v. Champion*, 15 F.3d 1538, 1555, 1557 (10th Cir. 1994) (delay of more than two years gives rise to a rebuttable presumption that exhaustion should be excused); *Wojtczak v. Fulcomer*, 800 F.2d 353, 354 (3d Cir. 1986) (thirty-three month delay); *Pool v. Wyrick*, 703 F.2d 1064, 1066–67 (8th Cir. 1983) (per curiam) (where petitioners had not obtained any state-court ruling on postconviction motions after delays of more than two years, court of appeals remanded case to the district court with directions to consider the habeas petition on the merits if the state court still had not rendered a decision within a stated period of time).

In this case, petitioner filed his federal habeas petition one year and ten months after the state court determined that he is not entitled to postconviction relief. It has been over two years since he filed the postconviction motion. The Court cannot say, at this time, whether petitioner's due process rights have been violated. As a result, the Court will order briefing from the State. However, it appears that petitioner has not brought all of his claims for relief in his petition. So, the Court will give petitioner an opportunity to file an amended petition before it orders the State to respond to it.

Petitioner is warned that he must bring each and every one of his claims in his petition. If petitioner fails to bring any of his claims, he may not be able to raise them at a later date. The Court will give petitioner twenty-eight days to file his amended petition.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** the Clerk is directed to send petitioner at § 2254 habeas form.

**IT IS FURTHER ORDERED** that petitioner must file an amended petition within twenty-eight days from the date of this Order.



      /s/ David D. Noce

**UNITED STATES MAGISTRATE JUDGE**

Signed on March 18, 2016.